IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAUHEED LLOYD,<br><br>          Defendant. | CRIMINAL ACTION<br>NO. 21-81 |

## ORDER

**AND NOW**, this 22nd day of July 2022, upon consideration of Defendant's Amended Motion to Suppress Physical Evidence (Doc. No. 16), the Government's Proposed Findings of Fact and Conclusions of Law Regarding the Defendant's Motion to Suppress Evidence (Doc. No. 38), Defendant's Motion in Limine to Bar the Government's Evidence of Other Acts (Doc. No. 21), the Government's Motion in Limine to Admit Evidence as Intrinsic to the Crimes Charged in the Indictment or Under Federal Rule of Evidence 404(b) (Doc. No. 27), the Government's Supplemental Brief in Support of its Motion in Limine to Admit Evidence as Intrinsic to the Offense Charged in the Indictment or Under Federal Rule of Evidence 404(b) (Doc. No. 37), Defendant's Supplemental Brief in Support of [his] Motion to Suppress Physical Evidence and Motion in Limine to Bar Prior Bad Acts Evidence (Doc. No. 39), and in accordance with the Opinion of the Court issued on this date it is **ORDERED** as follows:

1. Defendant's Amended Motion to Suppress Physical Evidence (Doc. No. 16) is **DENIED**.

2. Defendant's Motion in Limine to Bar the Government's Evidence of Other Acts (Doc. No. 21) is **DENIED**.

2

3. The Government's Motion in Limine to Admit Evidence as Intrinsic or Extrinsic under Rule 404(b) (Doc. No. 27) is **GRANTED** in part and **DENIED** in part. The drug-related evidence in this case is admissible as extrinsic evidence under Rule 404(b)(2). It is not admissible as intrinsic evidence.

BY THE COURT:

/s/ Joel H. Slomsky\_\_\_
JOEL H. SLOMSKY, J.